UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARNARD STOKES, on behalf of
himself and others similarly situated,

    Plaintiff,

CASE NO.:

v.

THE HEMBREE GROUP, INC. and
GREGORY HEMBREE, individually.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARNARD STOKES ("Plaintiff"), on behalf of himself and other similarly situated employees, brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against THE HEMBREE GROUP, INC., ("Hembree Group") and GREGORY HEMBREE individually, ("Mr. Hembree") (collectively "Defendants").

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida common law.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

## PARTIES

4. Plaintiff was employed as a painter from December 2015 through December, 2016, and performed related activities for Defendants in Pinellas County, Florida.

5. Defendant THE HEMBREE GROUP, INC. is a Florida for Profit Corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

6. Defendant GREGORY HEMBREE is the owner of The Hembree Group, Inc.

## STATEMENT OF FACTS

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. At all material times relevant to this action, Defendant Hembree Group was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s). Defendant Hembree Group had gross revenues of at least $500,000.00 and employees engaged in commerce. Defendants' employees handle and use products that have been moved in or produced in commerce, such as paint and tools.

10. Defendant Hembree Group is a company authorized and doing business in this Judicial District.

11. Defendant Mr. Hembree directed the activities of Plaintiff, created and implemented

the unlawful pay practices, and oversaw the day-to-day operations of the business.

12. Defendants are an employer as defined by the laws under which this action is brought and employs the required number of employees.

13. As a painter, Plaintiff was not exempt from the overtime requirements of the FLSA.

14. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

15. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

16. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant.

17. By Plaintiff's estimates, he routinely worked a minimum of 5 hours of overtime per week, and often more, for which he was not paid at one and one half times his regular rate of pay for all hours worked over 40.

18. Upon information and belief, Defendants did not rely on and Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

19. Defendants have the resources to ensure compliance with the FLSA. Therefore, Defendants knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act.

# COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

22. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

23. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

24. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

25. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

26. Defendants failed to post required FLSA informational listings as required by the FLSA.

27. Defendants' conduct was in reckless disregard of the overtime requirements of the FLSA.

28. Defendants willfully violated the FLSA.

29. Plaintiff is entitled to liquidated damages.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT II
## COLLECTIVE ACTION, VIOLATION OF FLSA
## (FAILURE TO PAY OVERTIME)

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

32. At all times material, Defendants employed numerous other non-exempt employees who worked as painters, performed similar job duties, were subject to the same unlawful pay practices, and who worked a substantial number of hours in excess of forty (40) per week.

33. Defendants failed to pay individuals similarly situated to Plaintiff one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

34. Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

35. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff demands that similarly situated employees have judgment entered against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendants did not properly them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of May 2017.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*/s/ Marc R. Edelman*
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: Medelman@forthepeople.com
*Attorney for Plaintiff*